IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EVAN WEAVER, | CASE NO. 5:12-cv-01117 EJD |
| Plaintiff(s), | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND MODIFY CASE MANAGEMENT ORDER** |
| v. | |
| TAMPA INVESTMENT GROUP, LLC, | |
| Defendant(s). | [Docket Item No(s). 46] |

## I. INTRODUCTION

On February 2, 2012, Plaintiff Evan Weaver ("Plaintiff") filed a state-court Complaint against Defendant Tampa Investment Group, LLC ("Tampa") asserting causes of action for breach of written agreements, breach of the covenant of good faith and fair dealing and fraud. See Compl., Docket Item No. 1. Central to the Complaint is Plaintiff's allegation that Tampa failed to perform on an agreement to purchase his stock in Twitter, Inc. ("Twitter") after representing to Plaintiff that it was financially ready to do so.

Subsequent to removal, this court issued a case management order setting a deadline of June 26, 2012, for the parties to amend the pleadings or join additional parties. See Docket Item No. 26. The parties participated in formal discovery proceedings which resulted in a court order compelling Tampa to respond to Plaintiff's discovery demands. See Docket Item Nos. 31, 41, 44. This process, however, took months to finally resolve.

1  Based on what he learned in discovery, Plaintiff filed a Motion for Leave to File First
2  Amended Complaint and Modify Case Management Order on November 9, 2012 (hereafter the
3  "Motion", Docket Item No. 46), in order to join three new defendants (Halcyon Cabot Partners Ltd,
4  Felix Investments, LLC and John Bivona) and allege three additional causes of action (negligent
5  misrepresentation, breach of fiduciary duty, and professional negligence). According to Plaintiff,
6  discovery in this case revealed additional participants in the alleged plan to deceive him in relation
7  to the sale of his Twitter stock.

8  Plaintiff's Motion is presently before the court. Defendant has filed written opposition, and
9  the court found this matter suitable for decision without oral argument pursuant to Civil Local Rule
10 7-1(b). Having carefully reviewed the relevant pleadings, the court has determined that Plaintiff's
11 motion should be granted for the reasons explained below.

## II. LEGAL STANDARD

Most motions to amend the pleadings are initially subject to the liberal standard for amendments contained in Federal Rule of Civil Procedure 15. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). But here, the court-imposed deadline for amendments to the pleadings has passed. See Docket Item No. 26. As such, Plaintiff's motion is governed by Rule 16 rather than Rule 15. Johnson v Mammoth Recreations Inc., 975 F.2d 604, 607-608 (1992).

Under Rule 16, Plaintiff must initially demonstrate sufficient "good cause" to modify the scheduling order so as to allow for the late amendment. See id.; see also Fed. R. Civ. Proc. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). If the requisite good cause is shown, the court then turns to an examination of the relevant factors under Rule 15. Hood v. Hartford Life & Accident Ins. Co., 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008).

## III. DISCUSSION

### A. The Rule 16 Analysis

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good

2
CASE NO. 5:12-cv-01117 EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND
MODIFY CASE MANAGEMENT ORDER

cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. (internal quotations omitted). "[N]ot only must parties participate from the outset in creating a workable Rule 16 scheduling order but they must also diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999)

Focusing on the issue of diligence, Plaintiff argues he has satisfied that standard. In support, Plaintiff points out that following the removal to this court in March, 2012, and the parties' initial disclosures, he promptly served written discovery on Tampa to which he received inadequate responses. He attempted to meet and confer with Tampa on discovery issues, but eventually filed a motion to compel on July 31, 2012. The motion was heard by the assigned magistrate judge on September 4, 2012, and was granted in its entirety by a written order filed October 16, 2012. Plaintiff also deposed two witnesses - Scott McCabe, the stock broker who arranged the transaction with Plaintiff on behalf of Tampa, and Robert Forlizzo ("Forlizzo"), Tampa's manager - in September, 2012. According to Plaintiff, it was not until the completion of this initial discovery and some subsequent investigation that he obtained sufficient information to support the additional defendants and additional causes of action he wishes to include in an amended complaint.

For its part, Tampa argues that the "new" facts Plaintiff asserts to have learned through discovery were actually known to Plaintiff much sooner than he claims. As examples, Tampa avers that: (1) Plaintiff always knew he was dealing with affiliates of Felix Investments, LLC in arranging the purchase agreements, (2) the SEC investigation referenced by Plaintiff in the proposed amended complaint was widely publicized long before this motion was filed, (3) Plaintiff knew that Forlizzo and Tampa's lawyer, John Bivona, were involved in the stock transaction, (4) Plaintiff's attorneys had sufficient information to allege Tampa's inadequate capitalization and potential alter-ego liability in 2011, and (5) Plaintiff knew that Tampa would receive a portion of any "break up" fees should the deal fall through.

Having considered the respective positions, Tampa's arguments do have some merit. Based

3
CASE NO. 5:12-cv-01117 EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND MODIFY CASE MANAGEMENT ORDER

on his deposition as well as communications between Plaintiff and McCabe, it appears Plaintiff had knowledge of at least a portion of the new factual allegations well before he commenced this case, let alone before this motion was filed. It may also be true, as Tampa believes, that the specified terms of the purchase agreement prevent Plaintiff from recovering against Tampa or any other defendant on a breach of contract or other similar theory.

But as Plaintiff points out, the existence of "good cause" does not depend on an examination of this action's merits. Nor is Plaintiff's alleged prior knowledge of certain factual information dispositive of the Rule 16 inquiry. As one of this court's contemporaries has observed: "[a]lthough the court may deny the motion to amend where the moving party knows or should have known of the facts but failed to include them in the original complaint, this is but one indicator of diligence." Nucal Foods, Inc. v. Quality Egg LLC, No. CIV S-10-3105 KJM-CKD, 2012 U.S. Dist. LEXIS 10067, at *12-13, 2012 WL 260078 (E.D. Cal. Jan. 27, 2012) (internal citation omitted). Here, despite what Plaintiff may have known earlier, there are certainly more substantial indicators of Plaintiff's diligence. Indeed, Plaintiff sought discovery from Tampa soon after commencing this litigation and timely filed a motion to compel upon receiving inadequate responses. Plaintiff also promptly moved to amend the complaint when he finally did obtain information sufficient to support the additional factual contentions and causes of action he now seeks to raise. That is what the Federal Rules of Civil Procedure required Plaintiff to do,[1] and he cannot be faulted for the time it took to obtain a ruling on a motion to compel or arrange for the depositions of adverse witnesses.

In sum, Plaintiff could not have exercised a greater degree of diligence under the circumstances. Moreover, "Courts routinely allow parties to amend their pleadings after new information comes to light during discovery." M.H. v. County of Alameda, No. 11-2868 CW, 2012 U.S. Dist. LEXIS 168412, at *9, 2012 WL 5835732 (N.D. Cal. Nov. 16, 2012). Such is the case here, and neither a dilatory motive nor an inexcusable failure to act are apparent from what has been

---

[1] By waiting until after he received the discovery which apparently confirmed the additional factual allegations, Plaintiff seemingly complied with Federal Rule of Civil Procedure 11(b)(3) by ensuring that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

CASE NO. 5:12-cv-01117 EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND MODIFY CASE MANAGEMENT ORDER

presented for this motion. Accordingly, the court finds that Plaintiff has met his burden to demonstrate the "good cause" necessary for an amendment to the scheduling order.

### B. The Rule 15 Analysis

With the analysis under Rule 16 having been determined for Plaintiff, the court now turns to whether the proposed amendments are appropriate under Rule 15.

A request for leave to amend may be denied under Rule 15 where the amendment would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Foman v. Davis, 371 U.S. 178 (1962); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994). Not all of the Rule 15 considerations are created equal; "it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Tampa articulates prejudice in the form of delay and has provided a detailed demonstration of when Plaintiff knew particular information. But as already indicated in the preceding section, the court does not find that Plaintiff unduly delayed seeking leave to amend based on that contention. In addition, this case still remains at the early stages of litigation. Although the court initially set a discovery completion deadline of December 31, 2012, it is apparent that this deadline is no longer workable due to the length of time it took for the assigned magistrate judge to hear and decide a motion to compel. Furthermore, a trial date has not been set in this case, the court has not heard summary judgment motions, and the deadline for filing such motions will not expire until February, 2013 - at least under the schedule as it was originally contemplated. For these reasons, the court similarly rejects Tampa's claim of prejudice based on delay.

Tampa also suggests prejudice because the proposed amendments, which admittedly will result in three additional defendants and three additional causes of action, would "radically" change this case and force Tampa to modify its litigation strategy or put on a new defense. While the court does not agree that the proposed amendments will result in something that can be described as a "radical" change, the court has nonetheless considered the need for Tampa to modify its litigation plan as a potential consequence of granting Plaintiff's request. This potential is unmoving, however,

5
CASE NO. 5:12-cv-01117 EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND MODIFY CASE MANAGEMENT ORDER

because Tampa can request whatever time it may need when the case management deadlines are modified to account for the new defendants. Thus, any prejudice to Tampa which could stem from the additional causes of action can be easily alleviated.

This leaves the questions of whether Plaintiff has sought to amend in bad faith or whether the amendments are futile. Neither of these considerations assist Tampa here. The court has already noted the lack of evidence suggesting bad faith on the part of Plaintiff, and Tampa did not provide meaningful argument on the issue of futility. In any event, the court has reviewed the new causes of action and does not find them futile on their face, at least for the purpose of this motion. The result of a motion to dismiss may prove otherwise, but that is a decision for another time.

Since the court is unable to find a supportable reason to deny leave to amend under Rule 15, this issue will also be resolved in Plaintiff's favor. This result coupled with the existence of "good cause" under Rule 16 dictates that the Motion should be granted.

### IV. ORDER

Based on the foregoing, Plaintiff's Motion for Leave to File First Amended Complaint and Modify Case Management Order (Docket Item No. 46) is GRANTED. Plaintiff shall file the First Amended Complaint as a separate docket entry on ECF/PACER forthwith.

The deadlines previously imposed by the Case Management Order filed April 27, 2012 (Docket Item No. 26) are VACATED. The court schedules this case for a Case Management Conference on **February 15, 2013, at 10:00 a.m.**, and advises Plaintiff to diligently attempt service on the new defendants as soon as possible so that they may enter this case in due course and participate in the conference. The parties shall file a Joint Case Management Conference Statement on or before **February 8, 2013.**

**IT IS SO ORDERED.**

Dated: December 20, 2012



EDWARD J. DAVILA
United States District Judge

6
CASE NO. 5:12-cv-01117 EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND MODIFY CASE MANAGEMENT ORDER