**COTCHETT, PITRE & McCARTHY, LLP**
**MARK C. MOLUMPHY** (168009)
**BRYAN M. PAYNE** (272971)
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: 650.697.6000
Facsimile:  650.697.0577

*Attorneys for Plaintiff and*
*Counterdefendant EVAN WEAVER*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| EVAN WEAVER,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>TAMPA INVESTMENT GROUP, LLC, HALCYON CABOT PARTNERS LTD., FELIX INVESTMENTS, LLC, and JOHN BIVONA,<br><br>　　　　　　Defendants.<br><hr>TAMPA INVESTMENT GROUP, LLC,<br><br>　　　　　　Counterclaimant,<br><br>　vs.<br><br>EVAN WEAVER, and DOES 1-50, inclusive,<br><br>　　　　　　Counterdefendants. | Case No. CV-12-01117 EJD (PSG)<br><br>**DECLARATION OF BRYAN M. PAYNE IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL ADDITIONAL DOCUMENTS FROM DEFENDANTS FELIX INVESTMENTS, LLC, AND JOHN BIVONA**<br><br>Date:　February 3, 2015<br>Time:　10:00 a.m.<br>Dept.:　Courtroom 5, 4th Floor<br>Judge:　Hon. Paul Singh Grewal |

---

**Payne Decl. ISO Plaintiff's Motion to Compel Felix and Bivona's Document Production;**
Case No. CV-12-01117 EJD (PSG)

I, BRYAN M. PAYNE, declare as follows:

1. I am an attorney duly admitted in the Northern District of California and am an associate with the law firm of Cotchett, Pitre & McCarthy, LLP, attorneys for Plaintiff and Counterdefendant Evan Weaver ("Plaintiff" or "Weaver") in this matter. I make this declaration in support of Plaintiff and Counterdefendant's Motion to Compel Additional Documents from Defendants Felix Investments, LLC, and John Bivona. I make this declaration based upon my own personal knowledge, and if called upon to testify as a witness, I could and would competently testify thereto.

2. After initial discovery from Defendant Tampa Investment Group, LLC, Plaintiff amended his complaint on December 20, 2012, to add Felix Investments, LLC, a brokerage firm that negotiated Plaintiff's deal behind the scenes, John Bivona, an attorney for Tampa and a principal at Felix, and Halcyon Cabot Partners Ltd., the firm that brokered the transaction at issue in this case between Plaintiff, the seller, and Tampa, the buyer.

3. On May 10, 2013, Plaintiff served requests for production of documents on Defendant Bivona and Defendant Felix. Attached hereto as **Exhibit A** and **Exhibit B** are true and correct copies of Plaintiff's First Request for Production of Documents to Defendant Felix Investments, LLC and Plaintiff's First Request for Production of Documents to Defendant John Bivona, respectively (collectively, the "Document Requests").

4. Defendants responded to the Document Requests on June 17, 2013, making blanket objections to each and every request and refusing to produce even one category of documents. Attached hereto as **Exhibit C** and **Exhibit D** are true and correct copies of Response of Defendant Felix to Plaintiff Weaver's First Request for Production of Documents and Response of John Bivona to Plaintiff Weaver's First Request for Production of Documents, respectively.

5. On July 31, 2013, our former co-counsel in this matter, Mr. Thomas H. Carlson, wrote a letter to Joseph S. Leventhal of the Leventhal Law Firm, APC, counsel for Defendants Felix and Bivona. The letter outlined the discovery failures of Felix and Bivona, specifically mentioning the months overdue initial disclosures. Attached hereto as **Exhibit E** is a true and

Page 1

Payne Decl. ISO Plaintiff's Motion to Compel Felix and Bivona's Document Production;
Case No. CV-12-01117 EJD (PSG)

350137.1

1  correct copy of the letter from Mr. Carlson to Mr. Leventhal, dated July 31, 2013.

2      6.     Felix and Bivona eventually filed their initial disclosures on August 27, 2013. Attached hereto as **Exhibit F** and **Exhibit G** are true and correct copies of Felix's Initial Disclosure and Bivona's Initial Disclosure, respectively.

7.     On August 29, 2013, Mr. Carlson again wrote to Mr. Leventhal asking for the documents identified in Felix and Bivona's initial disclosure that were not produced. Mr. Carlson also points out the boilerplate objections in Defendants' Document Responses which Defendants use as a basis to not produce any documents. Attached hereto as **Exhibit H** is a true and correct copy of the letter from Mr. Carlson to Mr. Leventhal, dated August 29, 2013.

8.     On January 15, 2014, Felix produced 77 pages of documents bates-stamped FELIX_00001 – FELIX_00077.

9.     On February 28, 2014, Mr. Carlson again wrote to Mr. Leventhal to meet and confer in regard to Plaintiff's Document Requests. He stated "while I acknowledge getting the long-awaited teeth-pulling production on January 15, 2014, that production was obviously insufficient and seemed to consist only of documents forwarded by David King and documents from us, and which we already had." Attached hereto as **Exhibit I** is a true and correct copy of the letter from Mr. Carlson to Mr. Leventhal, dated February 28, 2014.

10.    Defendants supplemented their responses to Plaintiff's Document Requests on March 17, 2014. For many of the supplemental responses Defendants indicated that they would do a diligent search for all non-privileged documents after the Court ruled on the pending Motions to Dismiss. Attached hereto as **Exhibit J** and **Exhibit K** are true and correct copies of Defendant Felix's Supplemental Responses to Plaintiff's First Set of Request for Production of Documents and Defendant Bivona's Supplemental Responses to Plaintiff's First Set of Request for Production of Documents, respectively.

11.    On April 1, 2014, the Court denied Defendants' Motions to Dismiss in their entirety. *See* Order at Dkt. 104.

12.    On April 8, 2014, Mr. Carlson again wrote Mr. Leventhal as a follow-up regarding the supplemental responses and document production, or lack thereof more specifically. He

Page 2

**Payne Decl. ISO Plaintiff's Motion to Compel Felix and Bivona's Document Production;**
Case No. CV-12-01117 EJD (PSG)

350137.1

reminded Mr. Leventhal of Defendants' position to produce documents should the Court deny the Motions to Dismiss, which it did. He points out that many blanket objections are still asserted in the supplemental responses. Attached hereto as **Exhibit L** is a true and correct copy of Mr. Carlson's letter to Mr. Leventhal, dated April 8, 2014.

13. Mr. Leventhal responded on April 18, 2014, suggesting to meet and confer on outstanding discovery requests after Defendants identify, collect, and produce additional documents responsive to Plaintiff's Request. Attached hereto as **Exhibit M** is a true and correct copy of Mr. Leventhal's letter to Mr. Carlson, dated April 18, 2014.

14. While Plaintiff waited for Defendants Felix and Bivona's document production, Defendant Halcyon Cabot Partners Ltd. then filed a Motion to Compel Arbitration on or around May 2014. The Court denied this Motion on September 23, 2014.

15. The parties then agreed to attend a mediation session on October 23, 2014, where no agreement was reached.

16. The deposition of Mr. Bivona and Felix (for which Mr. Bivona was the authorized representative) took place on December 4, 2014. At his deposition Mr. Bivona indicated that he did in fact produce communications with potential investors of Plaintiff's Twitter shares to his counsel for review. Attached hereto as **Exhibit N** is a true and correct copy of excerpts from John Bivona's deposition transcript, dated December 4, 2014.

17. The following day, I followed up with Mr. Leventhal regarding the issue of document production and reiterated that the Court's ruling on the Motion to Dismiss had long passed. Attached hereto as **Exhibit O** is a true and correct copy of the letter from myself to Mr. Leventhal, dated December 5, 2014.

18. Mr. Leventhal responded that same day via email asserting that the delay in producing the documents does not have to do with the decision on the Motions to Dismiss but rather based on the objections, <u>contrary</u> to what his April 18 later stated. Mr. Leventhal then stated that Plaintiff had never asked to meet and confer, even though Mr. Carlson had attempted to do so numerous times but Mr. Leventhal suggested to postpone meet and confer and resolve deficiencies in discovery responses until after Felix produced additional documents. Attached

Page 3

**Payne Decl. ISO Plaintiff's Motion to Compel Felix and Bivona's Document Production;**
Case No. CV-12-01117 EJD (PSG)

350137.1

1  hereto as **Exhibit P** is a true and correct copy of the email from Mr. Leventhal to myself, dated
2  December 5, 2014.

3  19.   After a meet and confer call, Defendants agreed to produce additional documents.
4  Documents bates stamped FELIX_00078 – FELIX_00284 were produced to Plaintiff on
5  December 15, 2014, the day of the discovery cutoff.  This document production consisted of only
6  eight documents.  Attached hereto as **Exhibit Q** is a true and correct copy of the email from Ms.
7  French attaching the document production, dated December 15, 2014.  Of those eight documents,
8  two were articles from online, easily accessible to Plaintiff, and one was a list of handwritten
9  investor names previously produced to Plaintiff by Defendant Tampa.  As well, one of the
10  aforementioned internet articles appears to have been accessed December 8, 2014.

11  20.   On December 16, 2014, I wrote a letter to Mr. Leventhal asking for confirmation
12  as to whether all non-privileged documents in the custody of Defendants Felix and Bivona's
13  custody had been produced.  Mr. Leventhal responded via email asking if this could be discussed
14  at the deposition on Friday, December 19, 2014, despite the fact that the Motion to Compel
15  deadline was approaching.  Attached hereto as **Exhibit R** and **Exhibit S** are true and correct
16  copies of my letter to Mr. Leventhal and Mr. Leventhal's email response, respectively.

17  21.   On December 18, 2014, I wrote a letter to Jennifer M. French, an associate of Mr.
18  Leventhal, highlighting the deficiencies in this long-awaited production.  In my letter I
19  summarized how many meet and confer letters Mr. Carlson sent and how many months he
20  patiently waited for documents.  I also pointed to the grossly deficient 284-page document
21  production and highlighted how many categories of documents Plaintiff had requested that had
22  not been produced.  Attached hereto as **Exhibit T** is a true and correct copy of my letter to Ms.
23  French, dated December 18, 2014.

24  22.   Ms. French responded that day and asserted that Mr. Leventhal had offered to
25  meet and confer in his April 18 letter, which is false, as that letter stated "we believe it would be
26  prudent to postpone meeting and conferring on the outstanding requests until we have completed
27  our review and produced additional responsive documents."  Ms. French then indicated that the
28  reason for lack of production was because of Hurricane Sandy which devastated their offices and

Payne Decl. ISO Plaintiff's Motion to Compel Felix and Bivona's Document Production;
Case No. CV-12-01117 EJD (PSG)

350137.1

she offered to meet and confer regarding the Document Requests. Attached hereto as **Exhibit U** is a true and correct copy of Ms. French's letter to myself, dated December 18, 2014.

23. On December 19, 2014 I met and conferred with Ms. French via telephone. She agreed that Defendants would produce additional documents that are non-privileged and were not destroyed by Hurricane Sandy. Plaintiffs are agreeable to waiting for Defendants to conduct a review of their documents. If Defendants produce adequate documents that are responsive to Plaintiff's categories of requests, Plaintiff will withdraw this motion.

24. Plaintiff, however, does not wish to allow the deadline for filing of motions to compel to pass and allow Defendants to produce a once again scarce document production.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed this 22nd day of December 2014, at Burlingame, California.

                                                                              */s/ Bryan M. Payne*
                                                                              BRYAN M. PAYNE

**Payne Decl. ISO Plaintiff's Motion to Compel Felix and Bivona's Document Production;**
Case No. CV-12-01117 EJD (PSG)

350137.1