UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EVAN WEAVER,<br><br>    Plaintiff,<br><br>    v.<br><br>TAMPA INVESTMENT GROUP, LLC, et al.,<br><br>    Defendants. | Case No. 5:12-cv-01117-EJD<br><br>**ORDER TO SHOW CAUSE** |

In this action against Tampa Investment Group, LLC ("Tampa"), Halcyon Cabot Partners Ltd. ("Halcyon"), Felix Investments, LLC ("Felix"), and John Bivona ("Bivona") (collectively, "Defendants"), Plaintiff Evan Weaver ("Plaintiff") alleges various breach-of-contract and fraud-related claims under California law.  According to Plaintiff, he was an employee of Twitter who held shares of Twitter's common stock.  In 2010, a stock broker licensed with Felix and Halcyon "cold called" Weaver to solicit the sale of his Twitter stock, and later told Weaver that Tampa was a potential buyer.  Plaintiff alleges that in reality, Tampa was a "non-funded vehicle" formed by Robert Forlizzo at the request of his friend Bivona.  In 2011, Plaintiff alleges that he entered into an agreement with Tampa and the stock broker.  After the agreement was entered into, Bivona allegedly informed Plaintiff that Tampa was unable to raise the funds for the deal.  Consequently, Plaintiff alleges he suffered considerable losses.

In February 2012, Plaintiff commenced this action in Superior Court, County of Santa Clara alleging causes of action only against Tampa.  See Compl., Dkt. No. 1 at 8.  Thereafter, Tampa removed the action to this court claiming federal jurisdiction on the basis of diversity.  See Notice of Removal, Dkt. No. 1 at 1.  Plaintiff later sought leave to file a first amended complaint

1

Case No.: 5:12-cv-01117-EJD
ORDER TO SHOW CAUSE

to join new defendants and allege additional causes of action, which the court granted in December 2012. See Order, Dkt. No. 58. Plaintiff subsequently filed his first amended complaint, which includes Halcyon, Felix, and Bivona as new defendants, and asserts federal jurisdiction based on diversity. See First Am. Compl., Dkt. No. 59 at ¶¶ 3-5, 12. This complaint remains the operative complaint.

Federal subject matter jurisdiction exists if a civil action is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). A state court defendant may remove to federal district court a civil action over which the district court had original subject matter jurisdiction. 28 U.S.C. § 1441(a). However, if at any time before final judgment the district court determines that it lacks subject matter jurisdiction, it must remand the action to state court. 28 U.S.C. § 1447(c). The district court has the duty to *sua sponte* consider subject matter jurisdiction. Kwai Fun Wong v. Beebe, 732 F.3d 1030, 1035-36 (9th Cir. 2013).

Diversity jurisdiction requires complete diversity of citizenship—each of the plaintiffs must be a citizen of a different state than each of the defendants. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and the state where its principal place of business is located. Lightfoot v. Cendant Mortg. Corp., 769 F.3d 681, 698 (9th Cir. 2014). A partnership and an LLC "is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). The party asserting diversity jurisdiction bears the burden of proof. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001).

Here, the court *sua sponte* raises the question of whether diversity jurisdiction exists. In his first amended complaint, Plaintiff identifies four defendants, but fails to allege the state of citizenship as to three defendants. First, Plaintiff alleges that Halcyon is headquartered in New York, and further alleges that Halcyon Partners Group, LLC owns 75% of Halcyon. See Compl. at ¶ 3. Since Halcyon is a limited partnership, Plaintiff must allege the state of citizenship of each of its owners/members, including the state of citizenship of each of Halcyon Partners Group, LLC's owners/members. Moreover, Plaintiff fails to identify the owner of the remaining 25% interest of Halcyon. Second, Plaintiff alleges that Felix is headquartered in New York City, and

2
Case No.: 5:12-cv-01117-EJD
ORDER TO SHOW CAUSE

identifies two owners.  See id. at ¶ 4.  However, he fails to allege the state of citizenship of each of Felix's owners/members.  Lastly, Plaintiff identifies Bivona as an individual defendant, but fails to allege his state of citizenship.  See id. at ¶ 5.

Given the completion of discovery, the party asserting diversity jurisdiction—whether it is Plaintiff or Defendants—is at an optimal place to clearly identify the states of citizenship of each party and establish such jurisdiction.  However, absent the presentation of this information, the court cannot be satisfied that subject matter jurisdiction exists.

Accordingly, the court hereby issues an order to show cause why this action should not be remanded to the Superior Court, County of Santa Clara pursuant to 28 U.S.C. § 1447(c).  If Plaintiff does not, by **August 11, 2015**, file a response to this order which demonstrates good cause in writing why this case should not be remanded, the court will enter an order to remand pursuant to § 1447(c).  No hearing will be held on the order to show cause unless otherwise ordered by the court.

**IT IS SO ORDERED.**

Dated: August 5, 2015



EDWARD J. DAVILA
United States District Judge

Case No.: 5:12-cv-01117-EJD
ORDER TO SHOW CAUSE