UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EVAN WEAVER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TAMPA INVESTMENT GROUP, LLC, et al.,<br><br>　　　　　Defendants. | Case No.  5:12-cv-01117-EJD<br><br>**ORDER REMANDING CASE** |

　　　　In this action against Tampa Investment Group, LLC ("Tampa"), Halcyon Cabot Partners Ltd. ("Halcyon"), Felix Investments, LLC ("Felix"), and John Bivona ("Bivona") (collectively, "Defendants"), Plaintiff Evan Weaver ("Plaintiff") alleges various breach-of-contract and fraud-related claims under California law.

　　　　In February 2012, Plaintiff commenced this action against Tampa in Superior Court, County of Santa Clara. Tampa subsequently removed the action to this court claiming federal jurisdiction on the basis of diversity. Plaintiff later amended his complaint and added Halcyon, Felix, and Bivona as new defendants, asserting federal jurisdiction based on diversity. Upon reviewing Plaintiff's amended complaint, however, the court was not satisfied that diversity jurisdiction existed. Thus, on August 5, 2015, this court issued an order requiring Plaintiff to demonstrate good cause why this case should not be remanded, by proving the existence of subject matter jurisdiction. See Dkt. No. 167. Plaintiff did not file a response by the deadline imposed by the court.

　　　　Pursuant to 28 U.S.C. § 1447(c), if at any time before final judgment the district court determines that it lacks subject matter jurisdiction, it must remand the action to state court. Here,

1

Case No.: 5:12-cv-01117-EJD
ORDER REMANDING CASE

Plaintiff has failed to plead the states of citizenship for Halcyon, Felix, and Bivona. In the absence of a response to this court's order to show cause, Plaintiff has not satisfied his burden to establish subject matter jurisdiction. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) (noting that the party asserting diversity jurisdiction bears the burden of proof). Accordingly, this court concludes that it lacks subject matter jurisdiction over this action and, for that reason, will remand this case to state court.

Based on the foregoing, the Clerk shall remand this case to Superior Court, County of Santa Clara, and close the file. All other matters are TERMINATED and VACATED.

**IT IS SO ORDERED.**

Dated: August 12, 2015



EDWARD J. DAVILA
United States District Judge

Case No.: 5:12-cv-01117-EJD
ORDER REMANDING CASE

2